IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TRACY CASH, GYASI EDMOND,** § | |
| **PAUL MOORE, DENNIS PLATT,** § | |
| **& DEMETRIK EMERSON,** § | |
| individually and on behalf of similarly § | |
| situated individuals, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| vs. § | **CIVIL ACTION NO. _____** |
| § | **Jury Demanded** |
| **WCA MANAGEMENT** § | |
| **COMPANY, LP** § | |
| § | |
| § | |
| **Defendant.** § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Tracy Cash, Gyasi Edmond, Paul Moore, Dennis Platt, and Demetrik Emerson, individually and on behalf of similarly situated individuals, and files this their Plaintiffs' Original Complaint.

### A.  Background

1.     This is a proceeding against Defendant for violating the overtime pay provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq. (or "FLSA"). Plaintiffs, are current or former non-exempt employees of Defendant, and regularly

worked in excess of 40 hours per workweek. However, Defendant failed to pay Plaintiffs corresponding overtime compensation in violation of the FLSA.

## B. Parties

2. Plaintiff, TRACYE LANDON CASH is an individual and a resident of the state of Texas. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff was employed as a Driver for Defendant. Plaintiff and the similarly situated employees are employees or former employees of Defendant who were paid by the hour and within the last three years worked more than forty hours in a workweek but were not paid overtime wages.

3. Plaintiff, GYASI EDMOND is an individual and a resident of the state of Texas. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff was employed as a Driver for Defendant. Plaintiff and the similarly situated employees are employees or former employees of Defendant who were paid by the hour and within the last three years worked more than forty hours in a work week but were not paid overtime wages.

4. Plaintiff, PAUL MOORE is an individual and a resident of the state of Missouri. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff was employed as a Driver for Defendant. Plaintiff and the similarly situated employees are employees or former employees of Defendant who were paid by the hour and within the last three years worked more than forty hours in a workweek but were not paid overtime wages.

5. Plaintiff, DENNIS PLATT is an individual and a resident of the state of Texas. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff was employed as a Driver for Defendant. Plaintiff and the similarly situated employees are employees or former employees of Defendant who were paid by the hour and within the last three years worked more than forty hours in a workweek but were not paid overtime wages.

6. Plaintiff, DEMETRIK EMERSON is an individual and a resident of the state of Texas. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff was employed as a Driver for Defendant. Plaintiff and the similarly situated employees are employees or former employees of Defendant who were paid by the hour and within the last three years worked more than forty hours in a workweek but were not paid overtime wages.

7. The class of similarly situated employees ("Putative Class Members") consist of "ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY WCA WASTE MANAGEMENT COMPANY IS A TEXAS LIMITED PARTNERSHIP COMPANY AS TRUCK DRIVERS OR PERFORMED PRIMARILY THE SAME DUTIES AS A DRIVER AND (B) WERE PAID AN HOURLY RATE WITH NO OVERTIME COMPENSATION."

8. Defendant, WCA Waste Management Corporation is a Texas Limited Partnership Company, conducting business in Texas. Defendant constitutes an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant may be served with summons by serving its registered agent: Corporation Service Company d/b/a CSC-

Lawyers, Incorporating Service Company., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### C. Jurisdiction

9.  The court has federal question jurisdiction, 28 U.S.C. §1331, over Plaintiff's claims of unpaid overtime, because these actions arise under federal law, via the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.

### D. Facts

10. Plaintiffs are current or former employees of Defendant.

11. Plaintiffs worked for Defendant as Truck Drivers.

12. During the past three years, Defendant paid its Truck Drivers hourly rate with no overtime.

13. At all times relevant to this lawsuit, these Truck Drivers were non-exempt under the FLSA and should be compensated for appropriate overtime at a rate of one and one half the regular hourly rate.

14. At Defendant's direction and for the benefit of Defendant, Plaintiffs regularly worked in excess of 50 hours per workweek.

15. However, Defendant did not compensate these Truck Drivers for all the overtime wages they were owed.

16. Defendant regularly required its Truck Drivers to work off the clock to avoid paying overtime.

17. Defendant regularly warned and threatened adverse employment action against its Truck Drivers if any overtime was reported.

18. All conditions precedent to the filing of this suit have been satisfied.

### E. Count 1 – Violation of FLSA: Unpaid Overtime

19. As illustrated in paragraphs 12-20, Defendant maintained a practice of requiring Plaintiffs, non-exempt employees, to work more than 40 hours per work week. For failing to pay Plaintiffs for corresponding earned overtime, Defendant violated the wage and hour provisions of the FLSA.

### F. COLLECTIVE ACTION ALLEGATIONS

20. Numerous employees have been victimized by this pattern, practice, and policy which are willful violations of the FSLA. The Putative Class Members regularly worked in excess of 40 hours per week and received a bimonthly salary without overtime compensation. These employees are victims of Defendant' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay provisions and employment practices.

21. Defendant's failure to pay wages and overtime compensation at the rates required by the FSLA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members, Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

22. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### G. Prayer

23. For the above reasons, Plaintiffs seek judgment against Defendant for the following:

    a. Actual damages, as measured by back overtime payments, 29 U.S.C. §216(b),

    b. Liquidated damages in the same amount as the back overtime payments, 29 U.S.C. §216(b) and/or prejudgment interest,

    c. Application of the three-year statute of limitations for willful FLSA violations, 29 U.S.C. §255(a),

    d. Certification as a collective action, 29 U.S.C. §216(b),

    e. Attorneys' fees and costs of suit, 29 U.S.C. §216(b),

    f. All other relief the court deems necessary and appropriate.

Respectfully submitted,

**THE DAVIS LAW FIRM**

By: */s/Shelly M. Davis-Smith*
Shelly Davis-Smith
SBN:  2405487
Federal ID: 699020
3100 Richmond Ave., Ste. 480
Houston, TX 77098
(713) 349-9299 Phone
(713) 800-4974 Fax
Email:  sms@davis-smithlaw.com
Attorney for Plaintiffs